UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHAI HARRIS,

                                 Plaintiff,                          6:23-cv-01221 (BKS/TWD)

v.

NEVADA FUNDING, LLC, RUSHMYFILE, INC., LIL
WAVE FINANCIAL, INC., FUNDING RUSH, INC.,
ANDREW ADRIAN DIOLI, BARUCH ALON HARARI,
TERESA ANN GORMAN, DOUGLAS JAMES
BURTON, ASSET DEFAULT MANAGEMENT,
JOHN GORDON,

                                 Defendants.

_____

**Appearances:**

*Plaintiff pro se:*
Shai Harris
Little Falls, NY 13365

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Pro se plaintiff Shai Harris filed this action against the above-named Defendants asserting

claims under New York law alleging that Defendants subjected her to "unconscionable adhesion

contracts established on mortgage origination misconduct" in connection with Plaintiff's real

property. (Dkt. No. 1, at 5). On February 11, 2025, this Court issued an order to show cause

("OTSC") directing Plaintiff to set forth why this case should not be dismissed pursuant to

Federal Rule of Civil Procedure 4(m) for failure to serve the Defendants in this matter. (Dkt. No.

13). Plaintiff has not filed a response to the OTSC. For the following reasons, the Court

dismisses this case without prejudice under Rule 4(m) for failure to serve the Defendants.

## II.    BACKGROUND

The Court assumes familiarity with the procedural and factual background of this case, as set forth in its prior orders. (Dkt. No. 13; *see also* Dkt. Nos. 5, 6, 8, 10).

## III.    DISCUSSION

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Second Circuit has "held that district courts have discretion to grant extensions, and may do so even in the absence of 'good cause.'" *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)). Prior to dismissing a complaint for lack of service, a district court must give "notice to the plaintiff and provid[e] an opportunity for [him] to show good cause for the failure to effect timely service." *Id.* (citation omitted).

Here, more than 500 days have passed since the filing of the complaint on September 29, 2023. (Dkt. No. 1). To date, despite three extensions, (Dkt. Nos. 6, 8, 10), Plaintiff has not filed proof of service on any Defendant. The Court has reminded Plaintiff on multiple occasions of her obligation to effectuate service and file proofs of service, (Dkt. Nos. 5, 6, 10), to no avail. To the extent Plaintiff believed she had fulfilled her service obligations by filing copies of certified mail receipts, the Court explained in the OTSC that such service was insufficient. (Dkt. No. 13, at 4). Further, the Court's February 11, 2025 OTSC expressly advised Plaintiff that her failure to show good cause for her failure to serve Defendants would result in dismissal of this case. (*Id.* at 5 ("The Court hereby gives Plaintiff notice that it will dismiss her claims pursuant to Rule 4(m) if

she is unable to show good cause for the failure [to serve].")).[1] Finally, Plaintiff has disregarded the Court's order to show cause and has utterly failed to address the issue of service. Plaintiff therefore has plainly not shown good cause for her failure to effectuate service or file proofs of service, *see AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("The plaintiff bears the burden of proof in showing that [he] had good cause in not timely serving the defendant." (citations omitted)), and the Court finds no basis for granting further extension in this case.

Thus, the Court concludes that dismissal of Plaintiff's claims is warranted pursuant to Rule 4(m).

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m); and it is further

**ORDERED** that the Clerk of the Court is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 2, 2025</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[1] Plaintiff was also warned in a Text Order issued by United States Magistrate Judge Thérèse Wiley Dancks that her "failure to file" proofs of service "may result in administrative closure or dismissal of the action for failure to prosecute and failure to follow Court orders and directives." (Dkt. No. 6).